Submitted on briefs March 14, reversed and decree entered May 23, 1922.

## ROBERTS *v.* ROBERTS.

(206 Pac. 1060.)

**Divorce — Evidence Held to Show Wife Entitled to Divorce for Cruelty.**

1. In an action by a wife for divorce on the ground of cruelty, where the husband also charged the wife with cruelty, evidence by plaintiff and two daughters that defendant had repeatedly abused, kicked and beaten the plaintiff, corroborated by other circumstances and contradicted only by defendant's unsupported testimony, *held* to entitle plaintiff to a divorce, notwithstanding the denial of relief to either party by the trial court which saw and heard the witnesses.

From Lane: GEORGE F. SKIPWORTH, Judge.

In Banc.

This is a suit for divorce. The parties intermarried at Garden City, Kansas, on July 12, 1894. Six children are the issue of the marriage, three of whom are minors, namely, Walter, Edith and Delbert, now aged, respectively, twelve, nine and seven years. The plaintiff has one daughter, the issue of a former marriage. In 1909, the parties moved to this state, and ever since have resided in Lane County, Oregon. Each party charges the other with cruel and inhuman treatment and personal indignities, rendering life burdensome.

The complaint alleges and the answer admits that the defendant is the owner in fee-simple title of the west half of the northwest quarter of section 3, township 19 S., R. 4 W., W. M., in Lane County, Oregon. The complaint prays that the plaintiff be decreed to be the owner in fee of an undivided one-third interest in said above-described tract of land. The parties resided upon this tract of land until the fall

of 1918, at which time the plaintiff, claiming that she could no longer submit to defendant's cruel and inhuman treatment, left the defendant and moved to the city of Eugene, taking with her said minor children. Since that time, by her own labor, she has supported herself and said children, receiving no material assistance from the defendant.

Trial of the cause was had in open court, resulting in a decree dismissing the suit and refusing to grant relief to either party, from which decree plaintiff appealed.     REVERSED AND DECREE ENTERED.

For appellant there was a brief over the name of *Messrs. Williams & Bean.*

For respondent there was a brief over the name of *Mr. Howard M. Brownell.*

RAND, J.—There are certain circumstances in this case which lead us to the conclusion that the plaintiff should prevail, notwithstanding that plaintiff's suit was dismissed by the learned trial judge who heard the testimony and had the opportunity to observe the manner and demeanor of the witnesses while on the stand. This case involves a question of fact only. It is unnecessary to go into the details of the testimony. It is only necessary to say that the testimony offered by the defendant is unsatisfactory in character and contradictory in terms, and contains no intrinsic evidence of truth.

Plaintiff's testimony, on the other hand, is clear and convincing, and is strongly supported by the testimony of Mrs. Packard, a daughter by her former marriage, and by Mrs. Macklin, a daughter by the defendant. From this testimony it appears that

the defendant has repeatedly abused, kicked and beaten the plaintiff, and that his conduct toward her has been reprehensible in the highest degree, and such as to entitle her to a divorce.

While upon the stand the defendant testified that he charged his wife with no improper conduct toward other men, and that he was willing and anxious to resume his marriage relations with her if her consent could be obtained. In spite of this admission on his part, his principal defense consisted of what we believe to have been an unjustifiable and unwarranted attack upon her character. The testimony shows that the plaintiff has been a hardworking, industrious woman; that she is the mother of seven children, four of whom are adults, and there is not a syllable of testimony in the record which would justify us in concluding that this woman, of mature years, has been guilty of even the slightest misconduct or impropriety. On the contrary, we are convinced that she is a good woman who has suffered for years from the brutality of her husband.

Defendant's unsatisfactory explanation of his failure to materially assist his wife in the support and maintenance of his three minor children for nearly three years following their separation, shows an entire lack, upon his part, of parental solicitude for their welfare. His conduct in this regard directly contradicted his protestations of love and affection for his children, and evidenced a willingness on his part that the entire burden of their support should fall upon his wife.

For these reasons, the decree will be reversed and a decree will be entered herein, dissolving the bonds of matrimony heretofore and now existing between the plaintiff and the defendant, and decreeing that

the plaintiff is the owner of an undivided one-third interest in fee-simple title of the real property hereinbefore described, and that plaintiff have and recover her costs and disbursements upon this appeal.                    REVERSED AND DECREE ENTERED.